```
                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: FATIMA SINER                         :    Chapter 7
                                            :
                                            :
                Debtor                      :    No. 10-19713
                                            :
                                            :
    ROBERT H. HOLBER, CHAPTER 7 TRUSTEE     :
                Plaintiff                   :
                                            :
                vs.                         :    Adv. Pro. No.
                                            :
    FATIMA SINER                            :
                Defendant                   :
```

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523 AND OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §727

Robert H. Holber, Chapter 7 Trustee, brings this adversary proceedings pursuant to Fed. R. Bankr. P. 7001 to determine the dischargeability of debt pursuant to 11 U.S.C. § 523 and objecting to the discharge pursuant to 11 U.S.C. § 727 (the "Complaint") and alleges as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

2. This adversary proceeding constitutes a core proceeding pursuant to 18 U.S.C. §157(b)(2) (A),(I)&(J).

3. This District is the proper venue for this proceeding pursuant to 28 U.S.C. §1409.

4. Debtor filed a Chapter 7 voluntary bankruptcy petition on November 9, 2010.

5. Plaintiff Robert H. Holber has a business address of 41

East Front Street, Media, PA 19063.

6. Plaintiff was appointed Interim Chapter 7 Trustee on November 10, 2010.

7. A 341(a) Creditors Meeting was held on January 7, 2011 and has not been concluded.

8. Debtor testified at her 341(a) Creditors Meeting that she transferred Thirty Thousand Dollars ($30,000.00) to Forty Thousand Dollars ($40,000.00) to the Bank of the Vatican (IOR Bank) in January, 2010.

9. Debtor testified that she transferred the aforementioned funds as she was offered a position with the IOR and was required to fund the account prior to taking the position.

10. Debtor testified that the aforementioned funds are still in the IOR account and she is the only person who can withdraw the funds.

11. Debtor testified that the IOR Bank creates no documentation to provide evidence of any of its accounts and she has no paperwork to evidence any IOR account.

12. Debtor failed to list the IOR account on Schedule B filed on behalf of the Debtor.

13. Debtor failed to list the transfer of any funds on the Statement of Financial Affairs (Question #10) filed on her behalf.

14. Debtor failed to list any financial accounts on Schedule B filed on her behalf but, in fact, had an account at Bank of

America with a minimal balance.

15. Debtor has transferred, removed, and/or concealed the aforementioned funds within one (1) of the filing of the bankruptcy estate.

16. Debtor has concealed, or failed to keep or preserve any recorded information from which the debtor's financial information might be ascertained.

17. Debtor at first denied the existence of the aforementioned IOR account or the transfer of funds to an IOR account at her 341(a) Creditors Meeting and then admitted, after a review of a transcript from a previously taken deposition, that said account existed.

18. Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

19. Debtor owns, with her husband, her residence located at 2800 Allentown Road, Quakertown, PA 18951.

20. Debtor stated that her residence was listed with a realtor for sale.

21. Debtor refused to advise Plaintiff as to the name of the realtor she had employed to sell her residence.

22. Plaintiff has requested, and an Order has been entered, allowing for employment of a realtor to list Debtor's residence.

23. Plaintiff has requested a phone number or contact

information which would allow Plaintiff's realtor to view the inside of Debtor's residence and to allow said realtor to properly list Debtor's residence.

24. Debtor has failed to cooperate with Chapter 7 Trustee to the extent necessary for him to perform his duties as:

a. She has failed to forward documentation regarding the aforementioned IOR account;

b. She has failed to provide information as to how and when Plaintiff's realtor might view and list Debtor's residence;

c. She has failed to provide a copy of the 2009 federal tax return for Direct 2U International, LLC.

WHEREFORE, Plaintiff requests that Debtor be denied a discharge in bankruptcy.

_____
Robert H. Holber, Esquire
Chapter 7 Bankruptcy Trustee