```
         IN THE UNITED STATES BANKRUPTCY COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| In re: FATIMA SINER | : | Chapter 7 |
| | : | |
| Debtor | : | No. 10-19713 |
| | : | |
| ROBERT H. HOLBER, CHAPTER 7 TRUSTEE<br>Plaintiff | : | |
| | : | |
| vs. | : | Adv. Pro. No. |
| | : | 11-00330 |
| FATIMA SINER<br>Defendant | : | |

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

A.   Statement of the Case

Debtor Fatima Siner filed a voluntary petition and relief was granted under Chapter 7 of the Bankruptcy Code on November 9, 2010. On April 28, 2011 a Complaint was filed to which Debtor filed an Answer on May 12, 2011. On January 31, 2013 an Amended Complaint ("Complaint") was filed. The Amended Complaint has numerous counts which rely upon sections 727(a)(2), 727(a)(3), 727(a)(4)and 727(a)(5). On March 6, 2013 Debtor filed an Answer to the Amended Complaint.

Debtor has admitted the following in her Answer to Complaint filed on May 12, 2011:

a. In Paragraph 8 that she transferred Thirty Thousand Dollars ($30,000.00) to Forty Thousand Dollars ($40,000.00) to the Bank of the Vatican (IOR Bank) in January, 2010;

Page -1-

b. In Paragraph 11 that the IOR Bank creates no documentation to provide evidence of any of its accounts and she has no paperwork to evidence any IOR account.

c. In Paragraph 12 that she failed to list the IOR account on Schedule B filed on behalf of the Debtor.

Debtor admitted that she transferred One Hundred Seventy One Thousand One Hundred Dollars and Seventy Six Cents ($171,100.76) to Jacob Paskesz, Inc. as an "interest free loan" via a check dated December 18, 2009.

B.  Argument Issue

I. WHETHER THIS COURT SHOULD GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT.

1. Standard of Review

Under Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment may be granted if the pleadings, depositions, answers to interrogatories and admissions, together with any affidavits, show that the moving party is entitled to judgment as a matter of law because no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The Court must draw inferences in the light most favorable to the party opposing the motion. Anderson, 477 U.S. at 255. However, the respondent may not

rest on the mere allegations or denials in its pleadings but must set forth specific facts showing a genuine issue for trial.

Matsushita Electric Industrial Co.,k Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The party opposing summary judgment " must do more than simply show that there is some metaphysical doubt as to the material facts". In re Interregional Advisors Corp., 271 B.R. 463, 468 (Bank. D.N.J. 2001)(quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 586 (1986). If the non-movant's evidence "is merely colorable, or is not significantly probative, summary judgement may be granted, Anderson, 477 U.S. at 250.

Count I

Plaintiff relies upon 11 U.S.C. §727(a)(2) to support Count I of his complaint. In order to prevail in an action under §727(a)(2)(A), a plaintiff must prove: (1) a transfer or removal of property, (2) belonging to the debtor, (3) within one year of the petition date, and (4) an actual intent to hinder, delay or defraud creditors. Debtor admitted in her Answer to Complaint that she transferred Thirty Thousand Dollars ($30,000.00) to Forty Thousand Dollars ($40,000.00) to the Bank of the Vatican (IOR Bank) in January, 2010. Attached, marked as Exhibit "A", is a true and correct copy of Complaint To Determine Dischargeability of Debt having been filed on April 28, 2011.

Page -3-

Attached, marked as Exhibit "B", is a true and correct copy of Answer to Complaint having been filed on May 12, 2011. <u>See</u> Paragraphs 8, 11 & 12 of the Complaint and corresponding Answer.

(1-3) The transfer by Debtor of funds allegedly to the IOR Bank occurred within one (1) year of the filing of her petition. Debtor admitted she transferred those funds in Paragraph 8 of her Answer to Complaint and that the transfer took place in January, 2010 having filed her bankruptcy petition on November 9, 2010. In addition, Debtor admitted that she gave Jacob Paskesz an interest free loan via a check in the amount of $171,110.76, dated December 18, 2009, and a check in the amount of $250,000.00 dated December 16, 2009. Attached hereto and made a part hereof, marked as Exhibit "C", is a true and correct copy of Plaintiff's First Interrogatories Directed to Defendant (Paragraphs 24 & 25), and Defendant's Answer to Interrogatories marked as Exhibit "D" (Paragraph 24 & 25). A copy of the checks in question is attached to Exhibit "D".

(4) Here the element in question is Ms. Siner's intent to hinder, delay or defraud creditors. Courts have identified "badges of fraud" which are indications that actual intent on the part of the debtor exists, and "strongly suggest that a transaction's purpose is to defraud creditors unless some other convincing explanation appears". <u>The Bank of Chester County v.</u>

Cohen (In re Cohen), 142 B.R. 720,725 (Bankr.E.D. Pa. 1992), In re Arik Hadad, Eastern Dist. Of PA No. 06-14774, Stapleton v. Hadad, Eastern Dist. Of PA Adv. No. 07-0164., In re Spitko, 357 B.R. 272, 301 (Bank. E.D.Pa. 2006). There are a number of "badges of fraud" which demonstrate the intent of the debtor to hinder, delay and defraud her creditors:

    (a) The debtor retained possession or control of the property transferred after the transfer.

Here the debtor testified at her 341(a) Creditors Meeting that she could go to the Bank of the IOR and withdraw the money. Attached, marked as Exhibit "E", is a true and correct copy of the transcript from the 341(a) Creditors Meeting the following:

    (1) On Page 51, lines 1-2,  Debtor testified that " I have not had the funds to go back there and get paid the funds from the account and everything else" (referring to the alleged account at the IOR Bank;

    (2)  On Page 52, lines 6-7, Debtor testified "I have to go back there and sign some paperwork and retrieve the funds for that" (referring to the funds in the alleged account at the IOR Bank.

    (3) On Page 54, lines 14-16, Debtor testified " ...I have to go there, probably spend two weeks, make a petition and then get the funds" (in response to how she would get the money from the

IOR Bank).

(2) The transfer or obligation was disclosed or concealed.

Here the debtor did not disclose the existence of the funds in question on her schedules or the transfer of said funds to the IOR Bank in her statement of financial affairs. Attached, marked as Exhibit "F", is a true and correct copy of Schedule B and the Statement of Financial Affairs (Exhibit "G"). In addition, the Debtor initially denied transferring any property at the 341 meeting. See Page 37, lines 12-15 of the transcript from the Debtor's 341(a) Creditors Meeting (Exhibit "E"). It was only after she was presented with that information did she admit to the transfer in question.

(3) Before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit.

A review of the Statement of Financial Affairs, Question #4, (Exhibit "G") reveals that Debtor was a defendant in the following lawsuits which were filed prior to the transfer of January, 2010:

    (a) The Bank of New York Mellon v. Fatima Pimenta and Irwin H. Siner, Case No. 09-11483;

    (b) Wells Fargo Bank, N.A. v. Irwin H. Siner and Fatima Pimenta Siner, Case No. 2010-N-768;

    (c) Storm Sentinal, LLC v. UB2B, Inc., UB2b Plus, and

Page -6-

Fatima Siner, Case No. 09-064677;

(d) Ralph J. Sarno and Anthony L. Sarno v. Fatima Pimenta a/k/a Fatima Siner, et al Case No. MID-L-7410-10.

(e) Wonderful Enterprises, Inc. v. Fatima Siner, et al. Case No. L-4139-09

(f) John Mayorek vs. Fatima Siner, et al. Case No. 2010-01995

In addition, marked collectively as Exhibit "H", is evidence of debts from The Bank of New York Mellon, Wonderful Enterprises, Inc., Storm Sentinel, Inc. and Ralph J. Sarno totaling more than One Million Four Hundred Dollars ($1,414,000.00).

(4) The debtor removed or concealed assets.

In this case the debtor allegedly opened up an account at the IOR Bank. The Debtor testified she transferred the funds via a combination of cash and through the use of a debit card (See Page 59, lines 9-18, from the transcript of the Debtor's 341(a) Creditors Meeting (Exhibit "E"). Debtor failed to list that transfer nor did she list the account itself. Debtor also failed to list the "interest free loan" to Jacob Paskez of more then Four Hundred Twenty One Thousand Dollars ($421,100) in her schedules or Statement of Financial Affairs.

(5) The value of the consideration received by the debtor

was or was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred. Here the debtor did not receive any apparent consideration. She alleges that she transferred the funds in question to The Bank of the IOR to help her obtain a position with the Vatican. See Pages 48-51 of the transcript of the Debtor's 341(a) Creditors Meeting (Exhibit "E"). However, she admits she has no documentation to support her assertion. See Pages 49-53 of the transcript of the Debtor's 341(a) Creditors Meeting (Exhibit "E"). Debtor also has provided no documentation nor reason or value received for the "interest free loan" given to Jacob Paskez.

The sum of the badges of fraud analysis is that a court may "deduce fraudulent intent from all of the facts and circumstances of the case" In re Dawley, 2005 WL 2077074 at *11 (Bank. E.D. Pa. Aug. 10, 2005). It is clear that the debtor, in the face of multiple lawsuits, deposited approximately Forty Thousand Dollars ($40,000.00) allegedly to the Bank of the IOR to which she has testified she can retrieve the funds and has no documentation to support her story. Clearly this is not the action of an honest but unfortunate debtor seeking a fresh start. Marrama v. Citizens Bank of Massachusetts, 127 S.Ct. 1105, 1107 (2007). The Debtor also transferred, without disclosure, documentation, or reason the sum of over Four Hundred Thousand Dollars ($400,000) to Jacob

Paskez. The debtor hindered, delayed and defrauded her creditors by placing the alleged IOR funds in question in a place where only she could retrieve the funds while in the face of multiple lawsuits all the while failing to disclose other the fund or the transfer. In addition, she transferred the funds to Mr. Paskez in the face of the same lawsuits.

Count II

Plaintiff relies upon 11 U.S.C. §727(a)(3) to support Count II of his complaint.

The purpose of section 727(a)(3) is to give creditors and the bankruptcy court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge. The statute also ensures that the trustee and creditors are supplied with dependable information on which they can rely in tracing a debtor's financial history. Cox, 904 F.2d at 1401 (quoting Burchett v. Myers, 202 F.2d 920, 926 (9th Cir.1953), Meridian Bank vs. Alten, 958 F.2d 1226 (C.A.3(N.J.), 1992).

> Section 727(a)(3) provides that the court shall grant the debtor a discharge, unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transaction might be ascertained, unless such act or failure to act was justified under all of the circumstances.

11 U.S.C. §727(a)(3).

As a precondition to the bankruptcy discharge, §727(a)(3) requires a debtor to produce enough information for creditors to determine and track the debtor's financial and business transactions for a reasonable time prior to the bankruptcy. In re Juzwiak, 89 F.3d 424 (C.A.7(Wis.), 1996).

To prevail on a claim under §727(a)(3), the plaintiff must prove that:

1. the debtor failed to maintain and preserve adequate records; and
2. this failure to maintain makes it impossible to ascertain the debtor's financial condition and material business transactions. In re Yanni, 354 B.R. 712 (Bankr. E.D. Pa. 2006)(citing Meridian Bank v. Alten, 958 F.2d 1226, 1230 (3d Cir. 1992).

The Meridian Bank Court held that it was a question in each instance in the particular circumstances as to the records kept by a debtor. Meridian Bank, 958 F.2d at 1230 (quoting In re Underhill, 82 F.2d 258, 259-260 (2d Cir.1936).

Adequacy for purposes of § 727(a)(3) may differ from one debtor to the next. Different record-keeping practices may

be adequate in different contexts, depending on the debtor's sophistication and the extent of the debtor's financial activities. The more sophisticated and complex a debtor's business practices are, the higher is the standard for keeping records to which they are held. In re Ryan, 225 B.R. 684 at 630-631 (Bank. W.D. Pa. 2002).

A review of the Debtor's filed Statement of Financial Affairs Question #18 reveals that the Debtor has an interest in four (4) different corporations of which at least one of was in business at any given time from 2001-2010. Two (2) of the four (4) companies were involved in the import/export of goods. One (1) was in business consulting and one (1) was in the business of consulting in international trade. Clearly the debtor was a sophisticated business woman.

Yet, as previously stated, the Debtor failed to keep any records as to the alleged bank account at the IOR Bank, any receipt of the funds allegedly transferred to the IOR Bank, or of any possible employment position at the Vatican.

Plaintiff's Request For Production of Documents were forwarded to Debtor. Attached, marked as Exhibit "I", is a true and correct copy of these discovery requests. Defendant, in response to Plaintiff's requested, forwarded

numerous bank statements and tax returns as outlined in a November 14, 2012 correspondence from Jeffrey C. McCullough, Esquire (former counsel for Defendant) to Robert H. Holber, Esquire along with Answers to Request of Information Disclosure (Exhibit "J").

The following were not provided by Defendant in response to the discovery requests:

(a) Deposit slips;

(b) Incorporation documents for entitites;

( c ) Wire instructions or requests for wiring of funds;

(d) Any Citibank, N.A. bank statements or checks – from which an "interest free loan" of over Four Hundred Thousand Dollars ($400,000.00) was given to Jacob Paskesz;

(e) All other requested documents.

The Debtor explained in Paragraph 1 of her Answer that "I have no other paperwork as all my old paperwork has been in storage since my company was closed and all paperwork and office fixtures like boxes and boxes of records for 30 years.....I owed the storage facility over $40,000 in charges and that is why I have not been able to pick up that paperwork".

It is impossible, without the requested documentation, to

ascertain Debtors financial condition and transactions. There is no documentation to track the funds which were allegedly sent to the IOR Bank, the "interest free loan" to Jacob Paskez, or any other transfer of funds without being able to review the pertinent unavailable documentation. It is simply not believable that a Debtor who owned four (4) different companies, transferred at least hundreds of thousands of dollars out of her accounts, and was going to be appointed a diplomat for the City of the Vatican (see Debtor's testimony at her 341(a) Creditors Meeting on Exhibit "E" Page 75) would not have her financial records available to explain or support her financial affairs.

<u>Count III</u>

Plaintiff relies upon 11 U.S.C. §727(a)(4) to support Count III of his complaint.

§ 727. Discharge

(a) (4) the debtor knowingly and fraudulently, in or in connection with the case —(A) made a false oath or account; . . .or...(D) witheld from an office of the estate entitled to possession under this title, any recorded information including books, documents, records, and papers, relating to the debtor's property or financial affairs.

In order to establish a claim under § 727(a)(4)(A), a plaintiff must prove that the debtor (1) made a false oath or statement, (2) that was knowing and fraudulent, (3) which

false oath or statement was material to the course of the bankruptcy case at hand. See In re Segal, 195 B.R. 325 at 332; In re Henderson, . . ., 134 B.R. 147, at 159-60 (Bankr.E.D.Pa.1991); and In re Woerner, 66 B.R. 964, 971-72 (Bankr.E.D.Pa.1986), aff\'d, C.A. No. 86-7324 (E.D. Pa. April 28, 1987).

Here the Debtor made a number of statements or non-disclosures which were false. The Debtor signed her petition under penalty of perjury. She gave testimony under oath at her 341(a) Creditors Meeting (See page 2, lines 17-22 of the notes of testimony - Exhibit "E"). Debtor failed to be truthful as follows:

(a) Failed to list the alleged account at the IOR Bank on Schedule B;

(b) Failed to list the transfer of funds to the IOR Bank on the Statement of Financial Affairs;

( c ) Failed to list any other bank account on Schedule B;

(d) Failed to list the transfer of the "interest free loan" to Jacob Paskez on the Statement of Financial Affairs;

(e) Failed to list the "loan" as an asset on Schedule B;

(f) Failed to admit at the 341(a) Creditors Meeting when initially asked about the existence or transfer of funds to the IOR Bank or the "interest free loan" to Jacob Paskez.

Clearly these false or non-statements, were knowing and fraudulent and were material to the course of the bankruptcy at hand. In addition, as previously stated, Debtor failed without reasonably explanation to turn over numerous documents which may have shed light on the financial affairs and transfers of funds or property by the Debtor.

Count IV

Plaintiff relies upon 11 U.S.C. §727(a)(5) to support Count IV of his complaint.

Title 11 U.S.C. §727(a)(5) provides that a discharge should not be granted if "the debtor has failed to explain satisfactorily...any loss of assets or deficiency of assets to meet the debtor's liabilities".

The Debtor has never explained what happened to the assets she transferred and why they could not have been used to meet her liabilities. A debtor's explanation "must consist of more than the vague, indefinite, and uncorroborated hodgepodge of financial transactions. . . ."

2. Baum v. Earl Millikin, Inc., 359 F.2d 811, 814 (7th Cir.1966). See also In re Chalik, 748 F.2d 616, 619 (11th Cir.1984); Glaser v. Glaser, 49 B.R. 1015, 1020 (Bankr.S.D.N.Y.1985).

The explanation must appear reasonable such that the court no longer wonders what happened to the assets." *In re Shepherd*, 2005 WL Page 24 4147868, at *3 (Bankr.D.Kan. Oct. 7, 2005). So, what did happen to the funds that were allegedly transferred to the IOR Bank and to Jacob Paskez? One can only guess that the funds are still in the IOR Bank account. Another guess is the only answer as to whether the debtor is owed money for the "interest free loan" to Jacob Paskez.

C. Conclusion

Plaintiff, Robert H. Holber, Chapter 7 Trustee, by and through his counsel, Robert H. Holber, Esquire, hereby moves this Court for summary judgment in the instant action for the reasons set forth in Plaintiff's Brief in Support of Motion for Summary Judgment filed contemporaneously herewith and incorporated by

reference.

By: /s/ Robert H. Holber
Robert H. Holber, Esquire
Counsel for Plaintiff

Dated: 5/6/13